## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**LANCE HENDRIX and LACEY HENDRIX**                              **PLAINTIFFS**

**V.**                          **CASE NO. 2:23-CV-2144**

**FREDONOMICS, LLC**                                              **DEFENDANT**

### <u>ORDER</u>

Before the Court is Plaintiffs' Petition for Statutory Attorney Fees (Doc. 28). According to Arkansas Code § 18-60-419(a), "when a judgment is rendered for partition in kind, or a sale and a partition of the proceeds, the court rendering the judgment or decree shall allow a reasonable fee to the attorney bringing the suit." However, according to subsection (b):

> (1) When judgment is rendered by a court of this state for partition of realty in kind, or for the sale of realty and partition of the proceeds of the sale, *the court in assessing a reasonable fee to be allowed the attorney bringing the action shall consider only those services* performed by the attorney requesting a fee *which are of common benefit to all parties.*

> (2) *The court shall assess no fee for services which benefit only one (1) party*, such as services necessary for the preparation and trial of contested issues of title or services for which payment has been made by the agreement of the parties.

(emphasis added).

Plaintiffs contend that they are entitled to the payment of their reasonable attorney's fees since they brought this partition action and it resulted in this Court's entry of a judgment of sale—albeit by consent of the parties and on the eve of trial. Defendant's Response in Opposition to the Motion (Doc. 3) argues that only a state court may award fees under this statute; in the alternative, Defendant argues that if this Court were

1

empowered to award fees, none of Plaintiff's counsel's services benefited "all parties," as the statute requires.

Preliminarily the Court finds that it possesses the legal authority to award fees under § 18-60-419 because it is settled law that a federal court sitting in diversity may apply and enforce state substantive law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 852 (8th Cir. 2013) (observing that in diversity cases, "[s]tate law governing attorneys' fees is generally 'substantive'"). Plaintiffs filed this action in Crawford County Circuit Court requesting either the partition or sale of real property under Arkansas law, and Defendant removed the case under the diversity statute. *See* Doc. 2 (Notice of Removal). If a federal court were barred from enforcing state attorney's fee statutes, this would certainly encourage forum shopping, which the *Erie* doctrine was put in place to avoid. *See Hanna*, 380 U.S. at 467–68 (citing *Erie*, 304 U.S. at 73–74).

Given that the Court *could* award fees under § 18-60-419, if appropriate, the only remaining issue is whether fees *should* be awarded here. Defendant maintains that an award would be inappropriate because all parties did not benefit from Plaintiff's counsel's services. The Court generally agrees. This matter was highly adversarial in nature from its inception, and none of the services listed on Plaintiffs' counsel's invoice leading up to the parties' settlement benefited Defendant. Instead, the only services that Plaintiffs' counsel rendered for the benefit of all parties concerned the preparation of the consent judgment and order of sale, which the Court received by email on January 31, 2025. The

parties agreed that the property at issue should be sold at public auction by the United States Marshals Service.

Plaintiffs' counsel's bill states that on January 20, he prepared and reviewed "Finding[s] of Fact" and revised and edited "stipulated Facts," (Doc. 28, p. 8); but these task descriptions are not detailed enough to permit the Court to infer that this work was done in preparation of settlement as opposed to trial. By contrast, the entry on February 10 for one hour's time to "Prepare & review Order for Sale" is just descriptive enough to show an intent to benefit all parties. *Id.* Plaintiff's counsel charged his clients $350.00 for this work. *See id.*[1]

The only task left is to set the amount of the fee award. The following factors are relevant: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229 (1990).

In analyzing these factors, the Court is persuaded that one hour of time was reasonable to complete the work. The issues involved were not particularly novel or difficult. The Court has no information about counsel's other work or priorities. As for an appropriate hourly rate, the Court finds that the rate customarily charged in the Fort Smith

---

[1] As for the two time entries on February 11, there is no description of the services rendered except "emails to/from," which is too vague to permit an inference that the work benefited all parties. (Doc. 28, p. 8).

legal market for similar services by a qualified attorney is $250.00, not $350.00. Accordingly, the Court will award Plaintiffs $250.00 in fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' Petition for Statutory Attorney Fees (Doc. 28) is **GRANTED IN PART AND DENIED IN PART** as explained above. Defendant is to pay Plaintiffs **$250.00** in fees under § 18-60-419.

**IT IS SO ORDERED** on this 7th day of March, 2025.

                                        _____
                                        TIMOTHY L. BROOKS
                                        UNITED STATES DISTRICT JUDGE